IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXIS FERNANDO BARRADAS-JACOME,** | : | CIVIL ACTION NO. 1:22-CV-1412 |
| | : | |
| | : | (Judge Conner) |
| **Petitioner** | : | |
| | : | |
| v. | : | |
| | : | |
| **CRAIG A LOWE,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Alexis Fernando Barradas-Jacome, an immigration detainee currently detained in the Pike County Correctional Facility, asserts that his continued detention violates due process. We will deny the petition without prejudice.

**I.      Factual Background & Procedural History**

Barradas-Jacome is a native and citizen of Mexico who entered the United States on June 24, 2004 on a visitor visa. (Doc. 7-1 at 3, 5). He subsequently overstayed his visa without permission. (Id. at 6). Barradas-Jacome was granted relief under the Deferred Action for Childhood Arrivals ("DACA") program on October 11, 2013, but his DACA status expired on August 26, 2017 and has not been renewed. (Id. at 6, 8).

On December 13, 2019, Barradas-Jacome was convicted of receiving stolen property in violation of 18 Pa.C.S. § 3925 in the Northampton County Court of Common Pleas. (Id. at 3). He was sentenced to a term of imprisonment of twelve to twenty-four months. (Id.) On January 16, 2020, the Department of Homeland

Security ("DHS") issued a notice of intent to issue a Final Administrative Removal Order ("FARO") against Barradas-Jacome based on his conviction for receiving stolen property. (Id.)

The notice of intent issued by DHS triggered expedited removal proceedings against Barradas-Jacome pursuant to 8 U.S.C. § 1228, which allows the government to expedite removal proceedings against aliens who commit aggravated felonies. An alien who receives such a notice has ten calendar days to file a response to the notice. 8 C.F.R. § 238.1(c). Barradas-Jacome did not respond to the notice issued under 8 U.S.C. § 1228 within the required ten days, which prompted DHS to issue a FARO on February 4, 2020. (Doc. 7-1 at 9).

Barradas-Jacome was paroled from state custody on June 11, 2020 and was immediately taken into custody by United States Immigration and Customs Enforcement ("ICE"). (Id. at 8). In June 2020, Barradas-Jacome expressed fear of persecution or torture, which halted his removal. (Doc. 7-1 at 10-11). His claim was referred to an immigration judge ("IJ"), who ruled on July 2, 2020 that Barradas-Jacome had not established a reasonable probability that he would be tortured or persecuted if he were removed to Mexico. (Id. at 12). Barradas-Jacome appealed to the United States Court of Appeals for the Third Circuit. See Barradas-Jacome v. Att'y Gen. U.S., No. 20-2439 (3d Cir. filed July 13, 2020).

On May 7, 2021, Barradas-Jacome filed a motion for custody redetermination. (Doc. 7-1 at 16). An IJ subsequently conducted a bond hearing on May 12, 2021 and denied Barradas-Jacome's request for custody redetermination, concluding that ICE had established that Barradas-Jacome posed a danger to the community and

was a risk of flight. (Id. at 25-31). He appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on September 30, 2021. (Id. at 32-37).

On June 30, 2022, our court of appeals denied Barradas-Jacome's petition for review and held that Barradas-Jacome was removable from the United States. Barradas-Jacome v. Att'y Gen. United States, 39 F.4th 111 (3d Cir. 2022). Barradas-Jacome moved to stay the court's mandate pending the filing of a petition for writ of certiorari to the United States Supreme Court, and the court granted the motion on September 9, 2022. Barradas-Jacome, No. 20-2439, Doc. 69 (3d Cir. Sept. 9, 2022).

Barradas-Jacome filed a petition for writ of certiorari on December 22, 2022. See Barradas-Jacome, No. 22-595 (U.S. filed Dec. 22, 2022). The Court granted the government's motion for extension of time to respond to the petition, and the government filed a timely response on March 29, 2023. Id.

Barradas-Jacome has been detained in ICE custody since June 11, 2020. (Doc. 7-1 at 8). This is the second petition for writ of habeas corpus he has filed with this court to challenge his detention. With respect to the first petition, we denied relief on January 26, 2022, finding that Barradas-Jacome was not entitled to habeas corpus relief under the standards of Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 208-09 (3d Cir. 2020). See Barradas-Jacome v. Lowe, No. 1:21-CV-1885, 2022 WL 256299, at *2-3 (M.D. Pa. Jan. 26, 2022) (Conner. J.).

Barradas-Jacome filed the instant petition on September 6, 2022, and the court received and docketed the petition on September 12, 2022. (Doc. 1). He contends that his continued detention violates the Due Process Clause of the Fifth

Amendment.  (Id.)  The petition is ripe for review.  (See Docs. 1, 7-8).  He has additionally filed a motion to expedite review of the petition.  (Doc. 9).

**II.    Discussion**

As we noted in our opinion addressing Barradas-Jacome's previous habeas corpus petition, he is detained pursuant to 8 U.S.C. § 1226(c).  See Barradas-Jacome, 2022 WL 256299, at *2.  Section 1226(c) does not by its terms limit the length of time that the government may detain aliens awaiting removal.  Jennings v. Rodriguez, 583 U.S. __, 138 S. Ct. 830, 846 (2018).  But petitioners may nonetheless bring as-applied constitutional challenges if their continued detention under Section 1226(c) has become unreasonably prolonged under the Due Process Clause of the Fifth Amendment.  Santos, 965 F.3d at 208-09.

When considering the constitutionality of a petitioner's detention, "[t]he most important factor is the duration of detention."  Id. at 211.  The court, however, must also consider "all the other circumstances" of the detention, including (1) "whether the detention is likely to continue," (2) "the reasons for the delay, such as a detainee's request for continuances," and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment."  Id. (quoting Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 478 (3d Cir. 2015)).

Having reviewed Barradas-Jacome's petition in light of the above standard, we find that he is not entitled to habeas corpus relief at this time.  Assuming, *arguendo*, that petitioners detained under Section 1226(c) who have already received a bond hearing may be entitled to a second bond hearing when they have been detained for an unreasonably prolonged period of time after the first bond

4

hearing,[1] Barradas-Jacome is not entitled to relief because he has not shown that his continued detention since his May 12, 2021 bond hearing is unconstitutional.

The most important factor in the analysis is the duration of Barradas-Jacome's detention. This factor weighs in favor of habeas corpus relief. Barradas-Jacome has been detained for approximately 22 months since the May 12, 2021 bond hearing. Several courts in this district have required ICE to conduct a bond hearing after 22 months of detention. See, e.g., Gichuhi v. Doll, No. 3:17-CV-1041, 2018 WL 5660744, at *1 (M.D. Pa. Aug. 21, 2018); Martinez-Paredes v. Lowe, No. 1:17-CV-353, 2017 WL 4883197, at *1-3 (M.D. Pa. Oct. 30, 2017); Miller v. Johnson, No. 3:14-CV-2263, 2016 WL 4059698, at *2-3 (M.D. Pa. July 5, 2016). Although petitioners in those cases were seeking initial bond hearings rather than a subsequent bond hearing like Barradas-Jacome, we find their reasoning instructive in determining whether Barradas-Jacome's 22-month detention since his bond hearing is reasonable. See Diop, 656 F.3d at 232 (noting that unreasonably prolonged detention might violate Due Process Clause even if petitioner has been

---

[1] See Diop v. ICE/Homeland Security, 656 F.3d 221, 232 (3d Cir. 2011) (noting that a detainee's continued detention "might still violate the Due Process Clause" even if the alien has been given "an initial hearing" if his continued detention becomes "unreasonable or unjustified" (citing Demore v. Kim, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring))), *abrogated in nonrelevant part by* Jennings, 138 S. Ct. at 847, *as recognized in* Guerrero-Sanchez v. Warden York Cnty. Prison, 905 F.3d 208, 220 (3d Cir. 2018). But see Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 279 n. 4 (3d Cir. 2018) (speculating in dicta that the foregoing language in Diop might only apply when the initial hearing afforded to the petitioner was a Joseph hearing—that is, a discretionary hearing given to a petitioner at the beginning of removal proceedings to determine whether the petitioner is properly detained under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1226(c)—and not when the petitioner has previously been afforded a bond hearing).

granted an initial hearing); see also Ndungu v. Doll, No. 4:20-CV-2268, 2021 WL 1916700, at *5 (M.D. Pa. Apr. 9, 2021) (noting that reasonableness of period of detention for petitioner who has been afforded initial bond hearing should be determined based on the length he has been detained since receiving a bond hearing), *report and recommendation adopted*, No. 4:20-CV-2268, 2021 WL 1910083, at *1 (M.D. Pa. May 12, 2021).  We find that this factor only slightly favors habeas corpus relief, however, because Barradas-Jacome seeks a second bond hearing and the duration of his detention since his first bond hearing is not substantially longer than other periods of detention that have been approved by courts in this circuit following a petitioner's initial bond hearing.  See, e.g., Borbot, 906 F.3d at 280 (declining to find due process violation where petitioner had been detained for approximately eighteen months following his first bond hearing); Flores-Lopez v. Lowe, No. 1:21-CV-1839, 2021 WL 6134453, at *2 (M.D. Pa. Dec. 29, 2021) (Conner, J.) (denying habeas corpus relief where petitioner had been detained for approximately nineteen months after his first bond hearing).

The likelihood of continued detention weighs against habeas corpus relief.  As Barradas-Jacome acknowledged when he moved to stay the court of appeals' mandate, his appeal to the Supreme Court is the only factor delaying his removal from the United States, and if he is unsuccessful in the appeal the government will be able to promptly remove him from the country.  See Barradas-Jacome, No. 20-2439, Doc. 68.  As of the date of this memorandum, the appeal is currently pending on Barradas-Jacome's petition for writ of certiorari.  The Supreme Court receives approximately 5,000-6,000 petitions for writ of certiorari in a year and grants

6

certiorari in only approximately 60-70 cases.  SUPREME COURT, A REPORTER'S GUIDE TO APPLICATIONS PENDING BEFORE THE SUPREME COURT OF THE UNITED STATES 14 (revised Nov. 2022), https://www.supremecourt.gov/publicinfo/reportersguide.pdf. The Supreme Court also typically rules on a petition for writ of certiorari within six weeks of the petition being filed.  Id. at 15.  That period has been extended in Barradas-Jacome's case because the Court granted the government's motion for extension of time to respond to the petition for writ of certiorari, but the government timely responded to the petition on March 29, 2023.  Thus, based on the Supreme Court's average time for disposition of petitions for writ of certiorari and the slim chance of any particular petition for writ of certiorari being granted,[2] there is a significant likelihood that the appeal will be resolved, and that Barradas-Jacome's detention will correspondingly end, in the near future.

The reasons for the delay do not weigh one way or the other.  It appears from the record that the delays in the underlying removal proceeding are largely due to Barradas-Jacome's appeals, but a petitioner should not be punished for pursuing good faith challenges to the government's removal case against him.  See Santos, 965 F.3d at 211 (citing Chavez-Alvarez, 783 F.3d at 476-77).

Finally, the conditions of Barradas-Jacome's detention weigh in favor of habeas corpus relief.  Barradas-Jacome is detained in the same facility as the petitioner in Santos, where the court concluded that "despite its civil label," the

---

[2] We express no opinion on the merits of Barradas-Jacome's petition for writ of certiorari.  Our conclusion is justified solely by the base rate at which the Supreme Court grants petitions for writ of certiorari.

petitioner's detention was "indistinguishable from criminal punishment," see id. at 213, and respondent has not offered any evidence that would support the court reaching a contrary conclusion in this case.

Taking the above factors and the other circumstances of his detention into consideration, we conclude that Barradas-Jacome is not entitled to habeas corpus relief at this time. Although the duration of his detention and the conditions of his confinement weigh in favor of granting habeas corpus relief, we find that these factors are outweighed by the significant likelihood that Barradas-Jacome's immigration proceedings will end in the near future combined with the fact that he has already been afforded a bond hearing. We will accordingly deny the petition without prejudice to Barradas-Jacome's right to file a renewed petition for writ of habeas corpus within a few short months if the circumstances of his detention change or the Supreme Court grants his petition for writ of certiorari.

### III.   Conclusion

We will deny the petition for writ of habeas corpus without prejudice. Barradas-Jacome's motion to expedite will be denied as moot. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   March 31, 2023